UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                          2:09-cr-29-FtM-29SPC

EDWIN M. GONZALEZ
ELISEO GONZALEZ
_____

## OPINION AND ORDER

On September 15, 2009, United States Magistrate Judge Sheri Polster Chappell submitted a Report and Recommendation (Doc. #40) to the Court recommending that defendants' Motions to Suppress (Docs. #29, 35) be denied. Defendant Edwin Gonzalez's Objection (Doc. #44) was filed on September 25, 2009.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State

Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting

H.R. 1609, 94th Cong., § 2 (1976)).  The district judge reviews

legal conclusions *de novo*, even in the absence of an objection.

See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir.

1994).

## II.

### A.  Factual Findings

The Court adopts the factual findings set forth in the Report

and Recommendation (Doc. #40, pp. 2-6), and rejects the alternative

factual findings set forth in defendant's Objections (Doc. #44, pp.

1-3) as incomplete and inaccurate.  Defendant's objection to the

factual findings is overruled.

### B.  The Traffic Stop

A traffic stop is a seizure within the meaning of the Fourth

Amendment, Delaware v. Prouse, 440 U.S. 648, 653 (1979), but is

constitutional if it is either based upon probable cause to believe

a traffic violation has occurred or is justified by reasonable

suspicion in accordance with Terry v. Ohio, 392 U.S. 1 (1968).

United States v. Harris, 526 F.3d 1334, 1337 (11th Cir.), cert.

denied, 129 S. Ct. 569 (2008).[1]  Florida law prohibits driving

motor vehicles on which the front or side windows have been treated

---

[1]Defendant's Objection asserts that an officer only needs
objectively reasonable suspicion of a traffic violation to conduct
a lawful stop (Doc. #44, p. 3).  The Court disagrees, finding that
probable cause of a traffic violation is required.

with "any sunscreening material or other product or covering which has the effect of making the window nontransparent or which would alter the window's color, increase its reflectivity, or reduce its light transmittance" below the statutorily permitted level of "light transmittance of at least 28 percent in the visible light range." FLA. STAT. § 316.2953. A traffic stop is allowed under Florida law where an officer has a reasonable belief that the vehicle's window tinting is in violation of the limits set forth in Florida Statute Section 316.2953. State v. Moore, 791 So. 2d 1246, 1249 (Fla. 1st DCA 2001). The Court agrees with the magistrate judge that based upon his observations, Detective Gambino had such a reasonable belief. The Court finds that the traffic stop of the vehicle was lawful because the deputy had probable cause to believe a traffic infraction was being committed in his presence. Whren v. United States, 517 U.S. 806, 811-18 (1996).

There is no evidence which would support defendant's claim of racial profiling, and the Court finds that no racial profiling took place in this case. The officer testified that he could not see inside the vehicle when it passed his position and could not observe race or gender because of the dark tint. In any event, as the Report and Recommendation correctly states, the subjective motivations of the officers are not relevant to the validity of the stop since the objective facts provided a lawful basis to stop the vehicle. (Doc. #40, p. 8.)

## C. Tint Testing

Defendant objects to testimony at the suppression hearing concerning the results of a tint meter test performed by the officer after the traffic stop. Defendant argues that the admission of this testimony without a <u>Daubert</u>[2] hearing as to the device utilized by the officer was erroneous. This objection is overruled.

While <u>Daubert</u> applies to the readings of technical equipment and devices, <u>United States v. Lee</u>, 25 F.3d 997, 998-99 (11th Cir. 1994), it is doubtful that it applies to a suppression hearing. <u>United States v. Ozuna</u>, 561 F.3d 728, 736-37 (7th Cir. 2009). Even if the results of the tint meter should not have been admitted without a <u>Daubert</u> hearing, and not considered, there was still probable cause to support the traffic stop. <u>United States v. Weaver</u>, 145 Fed. Appx. 639, 641 (11th Cir. 2005); <u>United States v. Moody</u>, 240 Fed. Appx. 858, 859 (11th Cir.), <u>cert. denied</u>, 128 S. Ct. 548 (2007). This is so regardless of whether the tinting was actually illegal, since the standard is probable cause and not a higher standard. <u>United States v. Garcia</u>, 284 Fed. Appx. 791, 793 (11th Cir. 2008).

## D. Duration of Detention and Search of the Vehicle

Defendant argues that his detention was too long and that the search of the vehicle was illegal. Defendant asserts that because

_____

[2]<u>Daubert v. Merrell Dow Pharms.</u>, 509 U.S. 579 (1993).

the officer testified he could have issued a traffic citation for driving on a suspended license, the detention can last no longer than the five to ten minutes it usually takes the officer to write a citation. Detention beyond that point became illegal, defendant argues, because there was no reasonable suspicion of other criminal activity. Additionally, defendant argues that the vehicle could have been released to the front passenger, who was the registered owner of the vehicle who possessed a valid driver's license. (Doc. #44, pp. 6-8.)

A routine traffic stop is more analogous to an investigative detention than a custodial arrest. <u>United States v. Ramirez</u>, 476 F.3d 1231, 1236 (11th Cir.), <u>cert. denied</u>, 551 U.S. 1108 (2007); <u>United States v. Purcell</u>, 236 F.3d 1274, 1277 (11th Cir. 2001). The Court therefore analyzes the legality of a traffic stop under the standard articulated in <u>Terry v. Ohio</u>, 392 U.S. 1 (1968). <u>Ramirez</u>, 476 F.3d at 1236. This requires that an officer's investigation of the traffic stop be (1) reasonably related in scope to the circumstances which justified the stop in the first place, and (2) limited in duration to the time necessary to effectuate the purpose of the stop. <u>Ramirez</u>, 476 F.3d at 1236; <u>United States v. Boyce</u>, 351 F.3d 1102, 1106 (11th Cir. 2003); <u>Purcell</u>, 236 F.3d at 1277.

A traffic stop "must last no longer than is necessary to effectuate the purpose of the stop." <u>United States v. Pruitt</u>, 174 F.3d 1215, 1220 (11th Cir. 1999)(quoting <u>Florida v. Royer</u>, 460 U.S.

-5-

491, 500 (1983))(internal quotations omitted).  An officer may take steps reasonably necessary to protect his personal safety, United States v. Spoerke, 568 F.3d 1236, 1248 (11th Cir. 2009); investigate the driver's license and the vehicle registration by requesting a computer check, Purcell, 236 F.3d at 1278; ask for and await the results of a criminal history check that is part of the officer's routine traffic investigation, id. at 1278; and request consent to search the vehicle, Harris, 526 F.3d at 1339 (citing Purcell, 236 F.3d at 1281).

The Report and Recommendation found that the duration of the traffic stop was supported by reasonable suspicion.  Under Terry, an officer may prolong a traffic stop if he has articulable suspicion of other illegal activity.  United States v. Boyce, 351 F.3d 1102, 1106 (11th Cir. 2003) (quoting United States v. Purcell, 236 F.3d 1274, 1277 (11th Cir. 2001)).  The Court concurs in this finding.

Alternatively, much of the duration of the traffic stop was after the officer had probable cause to believe defendant was committing other offenses.  Within the first few minutes of the traffic stop, the officer developed probable cause to believe defendant was driving on a suspended license, an arrestable offense under Florida law.  After defendant was given Miranda warnings, the officer developed probable cause to believe defendant was transporting illegal aliens.  Therefore, most of the detention was

supported by probable cause, and none of it was illegal. The Court agrees with the Report and Recommendation that the search of the vehicle was lawful.

Accordingly, it is now

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Doc. #40) is **accepted and adopted.**

2. Defendant's Motion to Suppress (Doc. #29) is **DENIED.**

3. Defendant's Supplemental Motion to Suppress (Doc. #35) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of October, 2009.

_John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
Magistrate Judge
Counsel of Record
DCCD